UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALITY INVESTMENT GROUP, INC, <br> Plaintiff, <br> v. <br> GARY B. SILVERMAN, et al., <br> Defendants. | Case No. 20-cv-01239-EMC <br><br> **ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO ENFORCE AUTOMATIC STAY** <br><br> Docket No. 3 |

Defendant Cynthia Gawley-Uy has removed this unlawful detainer action from state to federal court. The day after she filed her notice of removal, she filed a request for relief with this Court titled "Ex Parte Application . . . to Enforce the Automatic Stay." Although the application is not the model of clarity, it appears that Ms. Gawley-Uy is asking the Court to ensure that the state court and/or Plaintiff Quality Investment Group, Inc. complies with 28 U.S.C. § 1446(d). That statute provides that, after a notice of removal is filed, "the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

For purposes of this order, the Court assumes that Ms. Gawley-Uy has given notice to Quality and that she has filed a copy of her notice of removal with the state court. Even with this assumption, the Court **DENIES** Ms. Gawley-Uy relief because (1) she has not presented any evidence that, since the removal, Quality has asked the state court to take action and (2) she has not presented any evidence that, since the removal, the state court has otherwise taken action with respect to the case. In any event, the removal effectively deprives the state court of jurisdiction,

and this Court does not expect the state court to act unless and until the case is remanded back to state court.

The Court notes for Ms. Gawley-Uy's benefit (she is proceeding pro se) that, as a general matter, there must be an emergency if she is asking for something akin a temporary restraining order. Also, ex parte requests for relief are generally disfavored, and, typically, a party must give to the other party reasonable advance notice of a request for relief. Here, it appears that Quality was given approximately two hours notice that Ms. Gawley-Uy had asked for a hearing on her application. That is not sufficient.

Finally, it appears that Quality intends to seek a remand of this case back to state court. So that this case is not unnecessarily delayed, the Court encourages Quality to promptly make an appearance in this case and file its motion to remand.

**IT IS SO ORDERED**.

Dated: February 24, 2020

_____
EDWARD M. CHEN
United States District Judge