UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALITY INVESTMENT GROUP, INC.,<br>Plaintiff,<br>v.<br>GARY B. SILVERMAN, et al.,<br>Defendants. | Case No. 20-cv-01239-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; AND FINDING MOOT PLAINTIFF'S MOTION TO EXPEDITE**<br><br>Docket Nos. 11, 13 |

Plaintiff Quality Investment Group, Inc. initiated this action in state court. The operative complaint (the second amended complaint) named multiple individuals as defendants, including Cynthia Gawley-Uy. Ms. Gawley-Uy removed the case from state to federal court on February 19, 2020. Currently pending before the Court is Quality's motion to remand the action back to state court. The Court hereby **GRANTS** Quality's motion.

As a preliminary matter, the Court notes that Ms. Gawley-Uy has moved for a continuance – implicitly, a continuance of both the hearing date and her time to file an opposition to the motion to remand. The motion to continue the hearing date is moot because the Court is hereby **VACATING** the hearing date as the matter can be resolved based on the papers only (*i.e.*, no oral argument is necessary). As to Ms. Gawley-Uy's motion to continue, it is based on a medical condition. Although this circumstance would ordinarily weigh in favor of a continuance, the Court **DENIES** the continuance for two reasons. First, Ms. Gawley-Uy's ability to seek a continuance from this Court suggests that she is also medically capable of filing an opposition. Second, the issue before the Court is clear cut, and the Court is already informed of Ms. Gawley-Uy's position on subject matter jurisdiction based on the content of her notice of removal.

Turning to the merits of the motion to remand, remand is warranted as a matter of law

1 because Ms. Gawley-Uy did not remove until after the state court had already entered a judgment
2 against her on February 7, 2020. *See* Gonsalves Decl. ¶ 5 (testifying that a judgment for
3 possession was entered in Quality's favor on 2/7/2020); Gonsalves Decl., Ex. C (application filed
4 by Ms. Gawley-Uy, asking the state court to quash the entry of default judgment). "[R]emoval is
5 generally not possible where the state court, as here, has issued a judgment (admittedly, by
6 default) . . . ." *Catamount Props. 2018, LLC v. Paed*, No. 19-cv-08123-EMC, 2020 U.S. Dist.
7 LEXIS 32160, at *2 (N.D. Cal. Feb. 25, 2020); *see also Ristuccia v. Adams*, 406 F.2d 1257, 1258
8 (9th Cir. 1969) ("It would seem obvious that to remove an action to the federal courts from a state
9 court, it must first be pending in the state court.").

Moreover, a remand is warranted in the instant case because the Court has no subject matter jurisdiction. Contrary to what Ms. Gawley-Uy indicates in her notice of removal, federal question jurisdiction is lacking. The issue of whether a claim arises under federal law (for purposes of federal question jurisdiction under 28 U.S.C. § 1331) is determined by reference to the well-pleaded complaint. *See Catamount*, 2020 U.S. Dist. LEXIS 32160, at *5. A defendant cannot create federal question jurisdiction by raising a defense based on federal law or asserting a counterclaim based on federal law. *See id.* at *5-6.

In addition, removal cannot be predicated on diversity jurisdiction. First, Ms. Gawley-Uy appears to be a citizen of California. Therefore, under 28 U.S.C. § 1442(b)(2), she is not permitted to remove on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1442(b)(2) (providing that, where the basis of jurisdiction is diversity jurisdiction, removal is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). Second, even if § 1442(b)(2) were not a bar, there does not appear to be diversity jurisdiction. Ms. Gawley-Uy has not shown that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (providing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"); *see also* SAC at 6 (in the prayer for relief in the second amended complaint, asking for "damages in the amount of $100.00 per day from November 15, 2019, and for each day that Defendants continue in possession of the Property

through the date of entry of Judgment").

The only issue remaining for the Court is whether to award Quality attorney fees pursuant to 28 U.S.C. § 1447(c).

> The "award of fees under § 1447(c) is left to the district court's discretion." The standard for awarding fees turns "on the reasonableness of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Nevertheless, "[i]n determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation."

*Capital One, N.A. v. Sepehry-Fard*, No. 17-cv-07241-BLF, 2018 U.S. Dist. LEXIS 230998, at *9 (N.D. Cal. Feb. 7, 2018).

In *Capital One*, Judge Freeman denied a request for fees under § 1447(c) because the removing defendant was "proceeding pro se and attempted for the first time to remove [the] unlawful detainer action." *Id.* Similarly, in *OneWest Bank, FSB v. Sanchez*, No. C 10-00936 SI, 2010 U.S. Dist. LEXIS 88880 (N.D. Cal. Aug. 5, 2010), Judge Illston denied a fee request under § 1447(c), taking note that, even though "it is plain that there was no proper basis for removal[,] . . . defendants are proceeding pro se, and apparently believed that asserting federal statutes in defense of this action presented a basis for removal." *Id.* at *4. The Court, in its discretion, declines to award fees in the instant case for similar reasons.

In summary, Quality's motion to remand is granted but the fee request is denied. The Clerk of the Court shall promptly remand the instant action back to state court. The hearing on the motion to remand is vacated and Quality's motion to expedite is deemed moot.

This order disposes of Docket Nos 11 and 13.

**IT IS SO ORDERED**.

Dated: March 20, 2020

_____
EDWARD M. CHEN
United States District Judge

3